UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| MEGAN TERRANCE WHITE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-223-ART |
| | ) | |
| v. | ) | |
| | ) | |
| J.C. ZUERCHER, Warden | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Megan Terrance White, an individual incarcerated at the United States Penitentiary - Big Sandy in Inez, Kentucky ("U.S.P. - Big Sandy"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, R. 2. White has paid the $5.00 filing fee. R. 4.

This matter is before the Court for screening pursuant to 28 U.S.C. § 2243. At the screening phase, this Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing *Higgins v. Steele*, 195 F.2d 366 (8th Cir. 1952); *Farley v. Skeen*, 113 F. Supp. 736 (N.D. W. Va. 1953)). As White is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (quoting *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001)). During screening, the allegations in the petition are taken as true and are liberally construed in favor of the *pro se* litigant. *Cf.*

1

*Urbina*, 270 F.3d at 295 (holding that allegations must be taken as true and construed in favor of petitioner in ruling on a motion to dismiss (citing *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983))). Even viewing the petitioner's allegations in this favorable light, however, the Court concludes that the petition is "frivolous" and "obviously lacking in merit."

**I.      FACTUAL BACKGROUND**

According to the Petitioner's allegations and the documents filed in support thereof, on October 22, 2007, White was standing in a prison hallway when a female corrections officer noticed him staring intently at her. The officer noticed White moving his hands in his pockets in an up-and-down motion. When asked what he was doing, White removed his hands from his pockets, exposing himself. The staff removed White from the area.

An Incident Report was prepared that charged White with Engaging in a Sexual Act, a Code 205 violation. R. 2, Exh. D. A Disciplinary Hearing Officer ("DHO") held a hearing on November 15, 2007. *Id*. The DHO Report states that White admitted his guilt to the charge, although he denied exposing himself. *Id*. The DHO found White guilty of the offense, and imposed the following sanctions: forfeiture of 27 days good conduct time, 30 days in disciplinary segregation pending 180 days of clear conduct, and 3 months loss of telephone privileges. *Id*. Exh. D at 3. The DHO Report imposing the sanctions is dated March 2, 2008. Documents attached to White's petition demonstrate that he challenged the DHO sanctions through and including an unsuccessful appeal to the BOP's Central Office of Inmate Appeals. *See* R. 2 Exhibits.

**II.   DISCUSSION**

In his petition, White alleges that before he can be deprived of his good conduct time credit of 27 days, due process under the Fifth Amendment of the United States Constitution requires that there be some evidence to support the DHO's finding. R. 2 Mem. in Supp. at 3. In addition, he argues that he was wrongly charged and sanctioned for committing a violation of Code 205 because his conduct did not meet the definition of a "sexual act" within the meaning of 18 U.S.C. § 2246. *Id*. at 4. Both arguments lack merit.

First, White claims that his Fifth Amendment right to due process was violated by the forfeiture of his 27 days of good conduct time credit. The Supreme Court has stated that the revocation of good conduct time does not "comport with the minimum requirements of procedural due process" unless the findings are supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). When facing a loss of good conduct time credits, due process requires that the prisoner receive the following rights: (1) at least 24 hours written advance notice of a hearing, (2) a reasonable opportunity to present witnesses and documentary evidence in his defense, and (3) a reasonable explanation of the evidence and reasons relied upon to support a decision against him. *Lee v. Young*, 43 Fed. App'x 788, 789 (6th Cir. 2002); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

Here, White does not dispute that he committed the conduct which gave rise to the offense, rather he contends that he was not given an adequate reason for the forfeiture of the 27 days good conduct time by the DHO. The DHO Report included a box, titled "Reason for Sanction or Action Taken." R. 2 Exh. D at 3. This box included the following relevant

statements, "Sexual activity in a correctional setting often results in serious confrontations and therefore, cannot be tolerated. The sanctions of 30 days in Disciplinary Segregation and the Disallowance of 27 days Good Conduct Time were imposed by the DHO to punish your behavior." *Id*. Contrary to White's argument, the reasons articulated in the DHO report make clear that there is "some evidence" in the record to support the DHO's imposition of the loss of good conduct time. *Hill*, 472 U.S. 454-56. Therefore, White has failed to demonstrate a deprivation of due process.

Second, White posits that his conduct does not constitute a "sexual act" within the meaning of Code 205 because it was not performed "with another person" as required by 18 U.S.C. § 2246. R. 2 Mem. in Supp. at 4. The various definitions of the term "sexual act" in § 2246 all involve contact with another person. White appears to contend that the sexual act he committed was not done "with another person." R. 2 Mem. in Supp. at 4. Therefore, he argues, the appropriate disciplinary charge that should have been applied to his offense and conduct was "indecent exposure," a Code 300 violation. *Id*. This argument fails because 18 U.S.C. § 2246 - a criminal statute - has no bearing upon prison disciplinary offenses. By its terms, Section 2246 limits its application to define terms "as used in this chapter." Rather, the Bureau of Prisons disciplinary actions are governed by federal regulation. *See* 28 C.F.R. §§ 541.10-541.23. The DHO was not required to comply with the definitions listed in 18 U.S.C. § 2246. Therefore, his second argument must fail as well.

4

**III.   CONCLUSION**

Accordingly, it is **ORDERED** that:

1. White's petition for a writ of habeas corpus, R. 2, is **DENIED.**

2. This action is **DISMISSED**, *sua sponte*, from the Court's docket.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 18th day of February, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge